IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 23-cr-00419-RMR

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CHRISTOPHER CARL MEIER,

    Defendant.

---

## ORDER OF DETENTION

---

    This matter was before the Court for arraignment, discovery and detention hearing on October 17, 2023.  Assistant United States Alecia Riewerts represented the government, and Stephanie Snyder represented the Defendant.  The Defendant contested detention.

    The Court has concluded, by clear and convincing evidence, that no condition or combination of conditions of release will reasonably assure the safety of the community of Defendant were released, based on the attached findings.

    IT IS HEREBY ORDERED that the Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; and

    IT IS FURTHER ORDERED that the Defendant is to be afforded reasonable opportunity to consult confidentially with defense counsel; and

    IT IS FURTHER ORDERED that upon order of this Court, or on request of an attorney for the United States of America, the person in charge of the corrections facility shall deliver Defendant to the United States Marshal for the purpose of an appearance in connection with this proceeding.

DATED and ENTERED this 17th day of October, 2023.

                                            By the Court:

                                            S/Michael E. Hegarty
                                            Michael E. Hegarty
                                            United States Magistrate Judge

Case No. 1:23-cr-00419-RMR   Document 13   filed 10/17/23   USDC Colorado   pg 2 of 4

United States v. Christopher Carl Meier
Case No. 23-cr-00419-RMR

FINDINGS OF FACT, CONCLUSIONS OF LAW, and
REASONS FOR ORDER OF DETENTION

In order to sustain a motion for detention, the government must establish that (a) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the defendant's presence for court proceedings; or (b) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the safety of any other person or the community.

If there is probable cause to believe that the defendant committed an offense which carries a maximum term of imprisonment of over 10 years and is an offense prescribed by the Controlled Substances Act, or if the defendant is charged with a crime of violence, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community.

The Bail Reform Act, 18 U.S.C. § 3142(g), directs the court to consider the following factors in determining whether there are conditions of release that will reasonably assure the appearance of the defendant as required and the safety of any other person and the community:

(1) [t]he nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including –

(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B) whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

The Court has taken judicial notice of the Court's file and the Pretrial Services report, a prior search warrant, and the evidence received at the hearing and has considered the comments of counsel at the hearing. Weighing the statutory factors set forth in the Bail Reform Act, I find the following:

First, the Indictment in this case charges Defendant with violations of 18 U.S.C. §§ 2252A(a)(2) and (b)(1), Distribution of and Conspiracy to Distribute Child Pornography.  There is a rebuttable presumption of detention in this case.

Second, I note that in light of the Indictment in this case, probable cause exists to believe that Defendant has committed the offenses with which he is charged.

Third, I find from the record in this case that, by clear and convincing evidence, the Defendant presents a risk to the community because of the consequences facing Defendant in this case, the nature of the alleged instant offense, the Defendant's continued conduct of this nature even with a past history of a felony conviction for child pornography, an admitted addiction to child pornography, an ability to avoid detection of his online use, and prior supervised release issues.  The prosecution's proffer of Defendant's conduct, which for decency's sake will not be repeated here, overwhelmingly supports detention.

As a result, after considering all of these factors, I conclude there clear and convincing evidence that no condition or combination of conditions for release will reasonably assure the safety of the community, and Defendant is remanded to the U.S. Marshal.

2