IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO.   23-cr-00419-RMR

UNITED STATES OF AMERICA,

        Plaintiff,

v.

CHRISTOPHER CARL MEIER,

        Defendant.

_____

**UNOPPOSED MOTION TO EXCLUDE 120 DAYS
FROM THE REQUIREMENTS OF THE SPEEDY TRIAL ACT**
_____

        Mr. Christopher Carl Meier, by and through counsel, hereby moves this Court for an Order excluding one hundred and twenty days from the Speedy Trial Act computations, vacating current deadlines (including the motions deadline of November 13, 2023, the trial preparation conference on December 13, 2023, and the trial date of December 18, 2023), and setting new motions filing deadlines and trial dates accordingly. The government does not oppose this Motion. In support thereof, Mr. Meier states as follows:

## PROCEDURAL HISTORY

        1.      On October 4, 2023, Mr. Meier was indicted on one count alleging that he conspired to distribute child pornography in violation of 18 U.S.C. § 2252A(a)(2) and (b)(1), and five counts of distribution of child pornography in violation of 18 U.S.C. § 2252A(a)(2) and (b)(1). *See* ECF No. 1, Indictment. Given Mr. Meier's prior criminal history (*see* ECF No. 15), the government alleges that each count carries a fifteen-year mandatory minimum sentence. *Id.*

2. After his arrest on the warrant accompanying the indictment, Mr. Meier made an initial appearance in this case before the Honorable Michael E. Hegarty on October 12, 2023. *See* ECF No. 6. On October 17, 2023, Judge Hegarty conducted an arraignment, discovery, and detention hearing. *See* ECF No. 10. During that proceeding, Mr. Meier entered pleas of not guilty to each count charged in the indictment, the parties executed a discovery memorandum, and, after hearing argument, Judge Hegarty ultimately ordered that Mr. Meier be detained pending trial. *See* ECF Nos. 10, 11, 13. Mr. Meier is presently in custody at the Washington County Jail in Akron, Colorado.

3. This Court has now set a pretrial motions deadline of November 13, 2023, and scheduled a four-day jury trial to begin on December 18, 2023. *See* ECF No. 12.

4. Pursuant to the terms of the parties' discovery agreement (*see* ECF No. 11), on October 31, 2023, the government made an initial discovery production in this case. This initial production consists of nearly 20,000 pages of investigative material, hundreds of additional pages of search warrants and pen register/ tap and trace requests, numerous subpoena returns, and over 5000 native files of various types. Counsel has conferred with the government and expects that additional sizable discovery productions will be made in the upcoming weeks. Given the nature of the case, counsel also expects that she will have to make special arrangements to review portions of discovery. Additionally, under the provisions of the Protective Order entered in this case (*see* ECF No. 17), counsel will have to travel to Akron (which is approximately 100 miles from her office) to review discovery with Mr. Meier in person. Counsel has begun working her way through the materials provided thus far and has begun to discuss them generally with Mr. Meier. However, a number of critical tasks pertaining both to the evaluation of pretrial motions issues and to trial preparation, as well as to understanding the sentencing ramifications of a conviction in this case,

remain outstanding. Specifically, counsel needs additional time in order to complete independent investigative follow up, to fully and meaningfully review the discovery with Mr. Meier (including discovery that has not yet been received), to potentially retain and consult with relevant experts, to conduct legal research into the complex discovery and suppression issues this case raises, and to obtain documents and records that could impact the calculation of the applicable sentencing guidelines range in this case. Additionally, because Mr. Meier has not previously been prosecuted in federal court, counsel needs additional time to discuss the case with him and to help him understand both the process of a federal criminal trial and federal sentencing procedure. Undersigned counsel has begun the process of obtaining relevant records, reviewing the discovery she has received thus far with Mr. Meier, conducting legal research, and discussing this case with the government. However, she anticipates needing additional time in order to complete each of these tasks.

5.  As of the filing of the instant motion, counsel for Mr. Meier believes that the speedy trial clock expires on December 21, 2023, and that 28 days have passed between his initial appearance and the filing of the instant motion. *See also* ECF No. 11 at 8. Assuming these calculations are correct, 42 days would remain on the speedy trial clock absent further tolling of time by the Court.

## LAW REGARDING REQUESTS FOR CONTINUANCES

6.  This Court is authorized under 18 U.S.C. § 3161(h)(7) to exclude from the time limitations set forth in the Speedy Trial Act any delay for which the ends of justice served by the delay outweigh the best interest of the public and the defendant in a speedy trial. One factor for the Court to consider in granting this delay is "[w]hether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in

a miscarriage of justice." 18 U.S.C. § 3161(h)(7)(B)(i). An additional factor, set forth in 18 U.S.C. § 3161(h)(7)(B)(iv), is whether failure to grant such a continuance " would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." In evaluating a request for an ends of justice continuance, "the record must clearly establish the district court considered the proper factors at the time such a continuance was granted." *United States v. Toombs*, 574 F.3d 1262, 1269 (10th Cir. 2009) (quoting *United States v. Gonzales*, 137 F.3d 1431, 1433 (10th Cir. 1998)). The record must contain an explanation for why the occurrence of the event identified by the moving party as necessitating the continuance results in the need for additional time. *See id.* at 1271. Simply stating the event followed by a conclusory statement that the event necessitates further time does not satisfy the requirements of the Speedy Trial Act. *See id.* at 1271-72.

7. In *United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987), the Tenth Circuit set forth four factors a court should consider when evaluating if a continuance should be granted: (1) the diligence of the party requesting the continuance, (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the request for continuance, (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance, and (4) the need asserted for the continuance and the harm that could be suffered as a result of the court's denial of the continuance.

**ARGUMENT**

8. Defense counsel's request for a continuance in this case satisfies the criteria set forth in 18 U.S.C. § 3161(h)(7).

9. The ends of justice served by this requested delay outweigh the best interest of the public and the defendant in a speedy trial at this juncture. Proceeding within the current time

requirements would deny counsel for Mr. Meier the reasonable time necessary for effective preparation. While counsel has received and begun to review the initial discovery disclosed by the government and has begun to discuss it generally with Mr. Meier, she needs additional time to complete her review, and to review and discuss all of the discoverable material with Mr. Meier (including that not yet received) in considerably more detail. Counsel also needs to research potential discovery and suppression issues, engage in investigative follow-up, and obtain and review relevant court records in order to properly advise Mr. Meier as to his potential sentencing exposure in this matter. Only after that review and investigation are complete can counsel fully analyze the case, appropriately advise Mr. Meier as to his options, and prepare to litigate motions and for trial. These critical tasks cannot be completed before the upcoming deadlines and trial date.

10. Defense counsel's request for a continuance in this case also satisfies the factors set forth in *United States v. West*.

11. First, counsel has been diligent in her review of the discovery and in the timeliness of this request. Defense counsel has made a preliminary review of much of the discovery provided thus far and has discussed it generally with Mr. Meier. She has also begun to explain the process of a federal criminal case to him. Because Mr. Meier has never previously been charged with an offense in federal court, counsel must take the time necessary to explain to him the federal criminal trial, plea, and sentencing processes, federal statutory schemes, and the federal sentencing guidelines. Defense counsel has further shown diligence by making this request well before the expiration of the speedy trial clock, and prior to the motions filing deadline on November 13, 2023.

12. Second, it is very likely that this continuance would accomplish the underlying purpose of this request. Excluding 120 days from the requirements of the Speedy Trial Act will

allow defense counsel the time to fully review the discovery, including anticipated additional discovery that has not yet been received, and evaluate that discovery for potential pre-trial motions issues and the need for further investigation. This type of thorough evaluation and investigation is necessary in order to advise Mr. Meier about his options and any potential strategies for his defense. This 120-day continuance would allow defense counsel time to review all discovery, collect outstanding records, retain and consult with experts, engage in legal research, and complete her investigation, all of which are necessary to providing Mr. Meier with full and effective assistance of counsel.

13.   Third, this request will not inconvenience the opposing party or its witnesses. Undersigned counsel has consulted with Assistant U.S. Attorney Alecia Riewarts who indicated that she does not oppose this motion, and there are no known issues with witness availability or scheduling.

14.   The final *West* factor is the need asserted for the continuance and the harm that the defendant might suffer as a result of a denial. Counsel has consulted with Mr. Meier who has no objection to the instant motion and, indeed, is in favor of his counsel taking the time necessary to represent him effectively. The need for the continuance is described throughout this motion. Without the requested continuance, the defense will be unable to adequately prepare the case, conduct a complete investigation, or file appropriate motions (if necessary). Without the exclusion of a period of time from the speedy trial calculations, defense counsel will be unable to provide effective assistance of counsel and Mr. Meier's right to be effectively represented in these proceedings will be seriously damaged.

**CONCLUSION**

15. Wherefore, Christopher Meier, through his counsel, respectfully requests that this Court enter an Order excluding 120 days from the Speedy Trial Act computations, as authorized by 18 U.S.C. § 3161(h)(7).

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender

s/ Stephanie Snyder
STEPHANIE SNYDER
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone: (303) 294-7002
FAX: (303) 294-1192
Stephanie_Snyder@fd.org
Attorney for Mr. Meier

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 9, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following e-mail addresses:

Alecia Riewarts, Assistant United States Attorney
Email:  Alecia.Riewarts@usdoj.gov

Kyle P. Reynolds, Trial Attorney
Email:  Kyle.Reynolds@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non-CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

Christopher Carl Meier (via hand-delivery)

s/ Stephanie Snyder
STEPHANIE SNYDER
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone: (303) 294-7002
FAX: (303) 294-1192
Stephanie_Snyder@fd.org
Attorney for Mr. Meier