**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Regina M. Rodriguez**

Criminal Case No. 23-cr-00419-RMR

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CHRISTOPHER CARL MEIER,

    Defendant.

---

**ORDER GRANTING DEFENDANT'S UNOPPOSED MOTION TO EXCLUDE 120 DAYS FROM THE REQUIREMENTS OF THE SPEEDY TRIAL ACT**

---

This matter is before the Court on Defendant's Unopposed Motion to Exclude 120 Days from the Requirements of the Speedy Trial Act (ECF No. 18). The Defendant asks this Court for an order excluding 120 days from the Speedy Trial t computations, vacating current deadlines and setting new motions filing deadlines and trial dates.

The Defendant's motion implicates the Speedy Trial Act of 1974, which is "designed to protect a defendant's constitutional right to a speedy indictment and trial, and to serve the public interest in ensuring prompt criminal proceedings." *United States v. Hill*, 197 F.3d 436, 440 (10th Cir. 1999). The Act requires that a defendant's trial commence within 70 days after his indictment or initial appearance, whichever is later. *See* 18 U.S.C. § 3161(c)(1). Certain periods of delay are excluded and do not count toward the 70-day limit. *See id.* § 3161(h)(1)-(8).

The Speedy Trial Act provides, in pertinent part:

The following periods of delay shall be excluded . . . in computing the time within which the trial of any such offense must commence:

. . . .

(7)(A) Any period of delay resulting from a continuance granted by any judge . . . at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

*Id*. § 3161(h)(7)(A).

In order for a continuance to qualify as an excludable "ends of justice" continuance under § 3161(h)(7)(A), certain prerequisites must be satisfied. *Hill*, 197 F.3d at 441. First, the Court must consider the following factors listed in § 3161(h)(7)(B):

(i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.

(ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [the Act].

(iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex.

(iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for

2

>  effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B).

After considering these factors, the Court must then set forth, "in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance will outweigh the best interests of the public and the defendant in a speedy trial." *Hill*, 197 F.3d at 441; 18 U.S.C. § 3161(h)(7)(A).  Although the Court's findings "may be entered on the record after the fact, they may not be made after the fact." *Hill*, 197 F.3d at 441 (quoting *United States v. Dorian*, 882 F.2d 1511, 1516 (10th Cir. 1989)). "Instead, '[t]he balancing must occur contemporaneously with the granting of the continuance because Congress intended that the decision to grant an ends-of-justice continuance be prospective, not retroactive[.]'" *Id.* (quoting *Dorian*, 882 F.2d at 1516).

The Defendant's motion describes the various factors that he believes necessitate the exclusion of 120 days in this case, which the Court restates in pertinent part below. In support of his motion, Defendant states that on October 4, 2023, Mr. Meier was indicted on one count alleging that he conspired to distribute child pornography, in violation of 18 U.S.C. § 2252A(a)(2) and (b)(1), and five counts of distribution of child pornography, in violation of 18 U.S.C. § 2252A(a)(2) and (b)(1). ECF No. 1. Given Mr. Meier's prior criminal history (see ECF No. 15), the government alleges that each count carries a fifteen-year mandatory minimum sentence. *Id.* On October 12, 2023, Mr. Meier made his initial appearance and on October 17, 2023, appeared for his arraignment, discovery, and detention hearing. ECF Nos. 6, 10. During that proceeding, Mr. Meier entered pleas of

3

not guilty to each count charged in the indictment, the parties executed a discovery memorandum, and Mr. Meier was ordered detained pending trial. ECF Nos. 10, 11, 13. Mr. Meier is presently in custody at the Washington County Jail in Akron, Colorado.

Counsel for Defendant states that the government made an initial discovery production in this case which consists of nearly 20,000 pages of investigative material, hundreds of additional pages of search warrants and pen register/ tap and trace requests, numerous subpoena returns, and over 5000 native files of various types. Counsel has conferred with the government and expects that additional sizable discovery productions will be made in the upcoming weeks. Given the nature of the case, counsel for Defendant also expects that she will have to make special arrangements to review portions of the discovery with Mr. Meier, in person, in accordance with the Protective Order.

In addition, counsel for Defendant notes that she has begun working her way through the materials provided thus far and has begun to discuss them generally with Mr. Meier. However, a number of critical tasks pertaining both to the evaluation of pretrial motions issues and to trial preparation, as well as to understanding the sentencing ramifications of a conviction in this case, remain outstanding. She states that she needs the additional time to: 1) complete independent investigative follow up, 2) fully and meaningfully review the discovery with Mr. Meier (including discovery that has not yet been received), 3) potentially retain and consult with relevant experts, 4) conduct legal research into the complex discovery and suppression issues this case raises, and 5) obtain documents and records that could impact the calculation of the applicable sentencing guidelines range in this case. Additionally, because Mr. Meier has not

previously been prosecuted in federal court, counsel states she needs additional time to discuss the case with him and to help him understand both the process of a federal criminal trial and federal sentencing procedure. The continuance, as counsel states, will allow her to accomplish the underlying purpose of this request. Excluding 120 days from the requirements of the Speedy Trial Act will allow her the time to fully review the discovery, including anticipated additional discovery that has not yet been received, and evaluate that discovery for potential pre-trial motions issues and the need for further investigation. This type of thorough evaluation and investigation is necessary in order to advise Mr. Meier about his options and any potential strategies for his defense.

Based on the relevant record considered as a whole, the Court finds that it would be unreasonable to expect adequate preparation, despite due diligence, for pretrial or trial proceedings within the time initially allowed under 18 U.S.C. § 3161(c). The Court has considered the required factors under 18 U.S.C. § 3161(h)(7)(B)(i)-(iv). As required by 18 U.S.C. § 3161(h)(7)(C), the Court has not predicated its ruling on congestion of the Court's calendar or lack of diligent preparation by counsel.

Accordingly, the court FINDS that:

(1) Failure to grant a continuance of trial beyond the time prescribed by 18 U.S.C. § 3161(c) would likely result in a miscarriage of justice, within the meaning of 18 U.S.C. 3161(h)(7)(B)(i);

(2) Even considering due diligence, failure to grant the motion would deny counsel for Defendant the reasonable time necessary for effective pretrial and trial preparation within the meaning of 18 U.S.C. § 3161(h)(7)(B)(iv); and

(3) Therefore, the ends of justice served by granting the motion outweigh the best interests of the public and Defendant in a speedy trial within the meaning of 18 U.S.C. § 3161(h)(7)(A).

**IT IS HEREBY ORDERED THAT**:

(1) Defendant's Motion, at ECF No. 18, is **GRANTED**;

(2) **The 70-day clock, exclusive of tolled time [remove this language if including tolled time], shall accordingly be extended from December 21, 2023, to April 19, 2024**;

(3) The current trial date and all pretrial deadlines are hereby **VACATED.** The **four-day** jury trial is reset for **April 15, 2024**. The Trial Preparation Conference/Change of Plea Hearing is reset for **April 9, 2024, at 3:00 PM;**

(4) Defendant shall have to and including **March 11, 2024,** to file pretrial motions, and responses to these motions shall be filed by **March 25, 2024**. **If no motions are filed by March 11, 2024, the Court will deem Defendant to have waived any such motions.** If counsel believe an evidentiary hearing on motions is necessary, they shall confer and email Chambers at Rodriguez_Chambers@cod.uscourts.gov by **March 27, 2024**.

DATED:  November 16, 2023.

BY THE COURT:

_____
REGINA M. RODRIGUEZ
United States District Judge